**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| DRONGO, LLC,<br>   *Plaintiff* | § § § § § § § § § § | |
| -vs- | | SA-24-CV-00765-XR |
| LIMA ONE CAPITAL, LLC,<br>   *Defendant* | | |

## ORDER

Before the Court is the Defendant's Motion for Summary Judgment. ECF No. 17. After careful consideration the Court issues the following order.

## I. BACKGROUND

On July 1, 2024, Plaintiff Drongo, LLC ("Drongo") filed its Original Petition and Application for Temporary Restraining Order and Temporary Injunction in the 73rd District Court in Bexar County, Texas. ECF No. 1-1. The Petition was filed to stop the foreclosure of the Property commonly known as 6888 Montgomery, Units 1–6, San Antonio, Texas 78239 ("Property"). The state court issued a temporary restraining order ("TRO") on the same day, preventing a foreclosure sale scheduled for July 2, 2024. *Id*. at ¶ 8; ECF No. 1-2. In its Petition, Plaintiff asserts claims of breach of contract and promissory estoppel. ECF No. 1-1 at 3.

On April 1, 2022, Drongo executed a Commercial Promissory Note ("Note") payable to Lima One Capital, LLC in the amount of $348,000.00. ECF No. 17-1 at 3–9. Concurrently, with the Note, Drongo executed a Commercial Deed of Trust, Security Agreement, and Fixture Filing ("Deed of Trust"). The Deed of Trust granted Defendant a security interest in the Property. *Id*. at 10–44.

On August 10, 2023, Drongo failed to make a payment on the Note and has since failed to make all subsequent payments. ECF No. 17-1 at 2. On May 3, 2024, Lima One served Drongo a Notice of Default and Right to Cure providing notice of the intent to accelerate. ECF No. 17-1 at 46–52. After Plaintiff failed to cure the default, Lima One accelerated the Note and sent Drongo a Notice of Trustee's Sale which informed Drongo that a foreclosure sale of the Property was scheduled for July 2, 2024. *Id.* at 60–71. The foreclosure sale has not occurred, and the loan remains in default. ECF No 1-2; ECF No. 17-1 at 2.

On July 12, 2024, Defendant removed the case to this Court on the basis of diversity jurisdiction. ECF No 1. On July 25, 2024, Defendant filed a Motion to Dismiss for Failure to State a Claim. ECF No. 7. The Court denied Defendant's motion with respect to the breach of contract claim and granted Defendant's motion with respect to the promissory estoppel claim. ECF No. 16.

Subsequently, Defendant filed this Motion for Summary Judgment. ECF No. 17. Plaintiff has not filed a response.

## II. LEGAL STANDARDS

The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56. To establish that there is no genuine issue as to any material fact, the movant must either submit evidence that negates the existence of some material element of the non-moving party's claim or defense, or, if the crucial issue is one for which the nonmoving party will bear the burden of proof at trial, merely point out that the evidence in the record is insufficient to support an essential element of the nonmovant's claim or defense. *Little v. Liquid Air Corp.*, 952 F.2d 841, 847 (5th Cir. 1992), *on reh'g en banc*, 37 F.3d 1069 (5th Cir. 1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate. *See Fields v. City of S. Hous.*, 922 F.2d 1183, 1187 (5th Cir. 1991). Any "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Hous.*, 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Rather, the nonmovant must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). The Court will not assume "in the absence of any proof . . . that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075.

When a nonmoving party does not file any response to a motion for summary judgment, the "failure to respond does not permit the court to enter a 'default' summary judgment." *Boyd v. Fam. Dollar Stores of Texas, LLC*, No. 3:22-CV-1368-D, 2023 WL 4141052, at *1 (N.D. Tex. June 22, 2023). In this event, the Court must review the summary judgment motion to determine whether the movant satisfied its summary judgment burden and thereby shifted the burden. *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 335 (5th Cir. 2017). Should the nonmoving party fail to "address or respond to a fact raised by the moving party and supported by evidence, the court may consider the fact as undisputed" and "[s]uch undisputed facts may form the basis for a summary judgment." *Broadcast Music, Inc. v. Bentley*, SA-16-CV-394, 2017 WL 782932, at *2 (W.D. Tex. Feb. 28, 2017). "If the movant satisfied its summary judgment burden, and the opposing party filed no response, summary judgment in favor of the movant is appropriate." *Farquharson v. Select*

*Portfolio Servicing, Inc.*, No. SA-24-CV-763-JKP, 2025 WL 77396, at \*2 (W.D. Tex. Jan. 8, 2025)

(citing *Austin*, 864 F.3d at 335; *Broadcast Music, Inc.*, 2017 WL 782932, at \*2).

For a court to conclude that there are no genuine issues of material fact, the court must be satisfied that no reasonable trier of fact could have found for the nonmovant, or, in other words, that the evidence favoring the nonmovant is insufficient to enable a reasonable jury to return a verdict for the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In making this determination, the court should review all the evidence in the record, giving credence to the evidence favoring the nonmovant as well as the "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that evidence comes from disinterested witnesses." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000). The Court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment (*id.* at 150) and must review all facts in the light most favorable to the nonmoving party. *First Colony Life Ins. Co. v. Sanford*, 555 F.3d 177, 181 (5th Cir. 2009).

### III. ANALYSIS

Plaintiff has failed to respond to Defendant's motion for summary judgment which means he has not designated facts or evidence establishing a genuine issue for trial on any claims. Because Plaintiff has presented no summary judgment evidence, the Court is allowed to accept Defendant's facts as undisputed. *Broadcast Music, Inc.*, 2017 WL 782932, at \*2

Defendant asserts that Plaintiff's claim for breach of contract fails in its entirety because (1) Plaintiff defaulted on the Deed of Trust before Defendant's alleged breach of the Deed of Trust, and (2) Plaintiff cannot establish that any damages have been suffered as a result of the alleged breach because foreclosure has not occurred.

A. Breach of Contract

4

Drongo asserts that because Lima One failed to include taxes and insurance in the monthly mortgage payments, Lima One failed to meet its obligation and it breached the Deed of Trust. ECF No. 1-1 at ¶ 9. In Texas, a breach of contract claim requires: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff because of the breach." *Burbridge v. CitiMortgage, Inc.*, 37 F.4th 1049, 1051 (5th Cir. 2022) (citation omitted).

1. Plaintiff's Failure to Perform

In general, "a party to a contract who is himself in default cannot maintain a suit for its breach." *Gulf Pipe Line Co. v. Nearen*, 138 S.W.2d 1065, 1068 (Tex. 1940); *Water Dynamics, Ltd. v. HSBC Bank USA, N.A.*, 509 F. App'x 367, 369 (5th Cir. 2013) (citing *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990)); *see also Golden v. Wells Fargo Bank, N.A.*, 557 F. App'x 323, 328 (5th Cir. 2014) ("The [plaintiffs'] claim fails as a matter of law because they do not allege that they performed their obligations under the note . . . .").

Here, the Deed of Trust at issue requires Plaintiff to keep the Property insured and all taxes paid. *See* ECF No. 17-1 at 13 ¶¶ 1.04.1, 1.04.2, 1.04.3, 1.12. Although Drongo contends that Lima One Capital was obligated to include taxes and insurance as part of Plaintiff's payment, it points to no provision in the note or the deed of trust that requires Lima One to include taxes and insurance as part of the monthly payments. Contrary to Drongo's assertions, the Deed of Trust provides that the Beneficiary [Lima One] may preserve its interest by paying taxes and/or insurance, if the Plaintiff fails to do so, and subsequently "expenses incurred or paid by [Lima One], in connection therewith shall become due and payable immediately." *See id.* at ¶1.13; *see also id.* at 2.01(d), (e), (n)(1) (events of default); *see also id.* at ¶2.02 ("If Mortgagor defaults in the payment of any tax, assessment . . . Mortgagee may, without obligation to do so, to preserve its interest in the

5

Mortgaged Property, perform or observe the same, and all payments made (whether such payments are regular or accelerated payments) and costs and expenses incurred or paid by Mortgagee in connection therewith shall become due and payable immediately.").

Drongo's failure to perform its obligations under the Deed of Trust is not in dispute. Plaintiff acknowledges that it has failed to make complete payments (including taxes and insurance), and it is not current on the loan payments. *See* ECF No. 1-1 at 2. Further, Lima One has provided evidence that Drongo failed to make the August 10, 2023 payment and all subsequent payments. ECF No. 17-1 at 2. Plaintiff has provided no legal basis excusing its failure to perform under the Deed of Trust.

### 2. Defendant's Acceleration of the Contract

The Fifth Circuit has recognized an exception to the general rule that a party in default cannot maintain a suit for breach of that same contract. *Williams v. Wells Fargo Bank, N.A.*, 884 F.3d 239, 244 (5th Cir. 2018)). Noting that because a lender's notice obligations following an event of default under a deed of trust arise only after a breach of contract has already occurred, the notice provisions "would be rendered meaningless" if a lender's performance of "the notice obligation was excused any time the borrower was in default." *Id*. Such a reading would be contrary to Texas law, which requires courts to "attempt to give effect to all contract provisions so that none will be rendered meaningless. *Id*. at 245 (quoting *Kelley-Coppedge, Inc. v. Highlands Ins. Co.*, 980 S.W.2d 462, 464 (Tex. 1998)). Thus, a lender's obligation to provide adequate notices before foreclosure is "independent of the borrower's obligation to make payments." *Juarez v. Wells Fargo Bank, N.A.*, No. 5:18-cv-475-DAE, 2019 WL 4061692, at *3 (W.D. Tex. June 18, 2019). Despite Plaintiff's

failure to perform, Defendant is still obligated to provide Plaintiff with proper notice before initiating foreclosure.[1]

In order to properly accelerate a note in Texas, a lender is required to "make demand for payment, give the debtor an opportunity to cure the default, give clear and unequivocal notice of the intent to accelerate, and, in the event that there is not timely cure, give clear and unequivocal notice that it has, in fact, accelerated the debt." *Bastien v. HSBC Bank USA, N.A.*, No. G-13-110, 2013 WL 12100745, at *2 (S.D. Tex. Nov. 27, 2013) (citing *Ogden v. Gibraltar Sav. Ass'n*, 640 S.W.2d 232, 232–34 (Tex. 1982)).

Here, Lima One provides evidence that a Notice of Default and Right to Cure Letter was sent to Plaintiff Drongo, LLC on May 3, 2024. ECF No. 17-1, at 46–52. The Letter clearly  states the consequences of a failure to cure the default: "Please be aware that if payment in full is not received within thirty (30) days of this letter, the entire remaining balance of the loan will be accelerated . . . ." ECF No. 17-1 at 50. *See Cordoba v. HSBC Bank*, No. 7:13-cv-156, 2014 WL 12600071, at *2 (S.D. Tex. July 15, 2014) ("The clear language of this notice ('we will proceed with acceleration') meets the level of clarity which Texas law requires [for notices of intent to accelerate].").

Lima One also provides evidence, in the form of a separate letter that it mailed to Drongo, with clear and unequivocal notice that the debt had been accelerated. *See* ECF No. 17-1 at 60–71. The letter contains a copy of the "Notice of Acceleration and Notice of Trustee's Sale". *Id*. at 66–69.

3. Damages

Under Texas law, damages are an essential element to a breach of contract cause of action. *WG Monterrey Venture LLC v. DIG Monterrey Vill., LLC*, No. SA-20-CV-0533-JKP-ESC, 2021 WL

---

[1] Defendant does not contend that Plaintiff's breach excuses its notice obligations under the Deed of Trust, but the Court addresses the argument here for the sake of clarity and completeness.

327708, at *2 (W.D. Tex. Feb. 1, 2021). "Contract damages are defined by the plaintiff's actual loss." *CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 278 (5th Cir. 2009). "[A] party may not recover damages for breach of contract if those damages are remote, contingent, speculative, or conjectural." *Id*. (quoting *City of Dallas v. Villages of Forest Hills, L.P., Phase I*, 931 S.W.2d 601, 605 (Tex. App.—Dallas 1996, no writ)).

The only damages mentioned in Plaintiff's original complaint are those that would result if the property had been sold as scheduled on July 2, 2024. But a Temporary Restraining Order granted by the state court prevented the sale of the Property. ECF No. 1-2. Accordingly, Plaintiff has not shown that it suffered any damages as a result of Defendant's alleged breach of the Deed of Trust. *See Sport Supply Group, Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003) (stating that plaintiff bears the burden of showing damages as a result of alleged breach).

B. Plaintiff's Breach of Contract Claim Fails

The evidence is sufficient to show Drongo was in breach of the Note by failing to make payments pursuant to the agreed terms. The evidence presented shows Lima One provided notice of default to Drongo in accordance with Texas law. No evidence has been presented that any damages have been suffered by the Plaintiff. Accordingly, Lima One satisfied its summary judgment burden of proof to prevail on the breach of contract cause of action. The summary-judgment burden shifts to Drongo to raise a genuine dispute of material fact whether it was in default or whether Lima One breached the terms of the Note.

Drongo did not respond to the Motion for Summary Judgment, even though represented by counsel, and does not satisfy his burden to raise a genuine dispute of material fact to prevent summary judgment on the breach of contract cause of action.

C. Injunctive Relief

Plaintiff's original petition asks the Court for injunctive relief of restraining Defendant from foreclosing on the Property or taking any action to post the Property for foreclosure. ECF No. 1-1 at ¶¶ 11–18.

Injunctive relief is based on the underlying claims. *See City of El Cenizo*, 890 F.3d 164, 176 (5th Cir. 2018). (finding a plaintiff is entitled to injunctive relief only when they are successful on the merits of their underlying claim).

Because Plaintiff's breach of contract claim does not survive, Plaintiff is not entitled to injunctive relief.

## CONCLUSION

For the reasons stated above, Lima One's Motion for Summary Judgment (ECF No. 17) is **GRANTED**. Plaintiff's claims are **DISMISSED** with **PREJUDICE**.

The Court will issue Final Judgment separately.

The Clerk is **DIRECTED** to **CLOSE** this case.

It is so **ORDERED**.

**SIGNED** this 19th day of June, 2025.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

9